UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN BIANCHI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PRATT & WHITNEY, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO.: <br><br><br> July 16, 2009 |

## COMPLAINT

### Parties

1. The Plaintiff, John Bianchi, is an individual residing in Northford, Connecticut.

2. The Defendant is a subsidiary of United Technologies Corp., a Delaware Corporation with a business address at One Financial Plaza, Hartford, Connecticut. The Defendant employs more than 15 persons.

### Jurisdiction

1. This complaint is brought under the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 621 *et. seq.*.

### Count One: Violation of ERISA, 29 U.S.C. § 1140

1. The Plaintiff was employed with the Defendant for 44 years, most recently as Manager for Marketing & Sales for Tools & Equipment, until his termination on August 29, 2008. He was a loyal and exemplary employee, with no history of discipline prior to the events underlying this claim.

2. On or before July 18, 2008, the Defendant announced it would be implementing the "Pratt & Whitney Salaried Employee Severance Plan for Voluntary Terminations" (hereinafter "the Plan"), which by its own terms is an employee benefit plan subject to ERISA.

3. Pursuant to the Plan, employees were eligible if they were at least 60 years old and had 10 years or more of continuous service as of September 30, 2008. The

Plaintiff was eligible for the Plan.

4. According to the Plan, employees electing to participate would receive (1) a lump sum severance payment equal to one week's pay for each year of service, which for the Plaintiff would amount to over $122,000 based on a salary of $145,000 and 44 years of service; (2) 12 months continuation of life insurance, health, and dental coverage at no cost; (3) a "transition benefit" of $10,000.

5. According to the Plan, eligible employees must have been employed as of September 30, 2008 in order to receive the severance benefits under the Plan.

6. On numerous occasions following the announcement of the Plan the Plaintiff expressed to his superiors his intention to participate in the Plan. On August 28, 2008 the Plaintiff submitted his signed acceptance of the Plan. On August 29, 2008 the Defendant notified the Plaintiff he was being terminated, allegedly for violations of the company's ethics code. As a result, the Plaintiff was not eligible for the Plan benefits because he was no longer employed as of September 30.

7. The Defendant terminated the Plaintiff in order to avoid paying him the Plan benefits by ensuring he would not be employed as of September 30, 2008, and the Defendant's stated reason for the termination was pretextual and false.

8. By letter dated June 16, 2009 the Defendant's Benefit Claims Appeal Committee denied the Plaintiff's appeal. The letter informed the Plaintiff that he had exhausted his administrative remedies and had the right to bring a civil action under ERISA.

9. The Defendant's termination of the Plaintiff in order to prevent him from receiving the Plan benefits violated section 510 of the Employment Retirement Income Security Act, 29 U.S.C. § 1140.

## Count Two:  Breach of Contract

1-7. Paragraphs 1-7 of Count One are incorporated herein.

8. The Plan stated in numerous places that it is an ERISA plan and is covered by the provisions of ERISA. As such, the Defendant's offer of the Plan created a reasonable expectation on the part of the Plaintiff that the Defendant would act in accordance with ERISA, including not terminating the Plaintiff for pretextual reasons in order to prevent him from being employed on September 30, 2008 so as to be eligible to receive the Plan benefits.

9. The Plaintiff, in reliance on the reasonable expectations created by the Defendant, expressed his acceptance of the Plan and his intention to enroll in it, and in fact did enroll when he submitted a signed acceptance on August 28, 2008. The

Plaintiff continued to work for the Defendant, in reliance on the expectations created by the Defendant, from on or before July 18, 2008, until he was terminated on August 29, 2008, and fully intended to continue working until September 30, 2008, the required separation date under the Plan.

10. The Defendant breached their contract with the Plaintiff by terminating the Plaintiff based on pretextual reasons in order to prevent him from receiving benefits under the Plan.

### Count Three: Breach of Covenant of Good Faith

1-10. Paragraphs 1-10 of Count Two are incorporated herein.

11. The Defendant acted in bad faith by terminating the Plaintiff on pretextual grounds in order to avoid paying him in accordance with the contract entered into between the parties.

12. The Defendant's breach of the covenant of good faith entitles the Plaintiff to punitive damages.

Wherefore, the Plaintiff prays for the following relief:

1. An order requiring the Defendant to confer on the Plaintiff all benefits due under the Plan;
2. Punitive Damages;
3. Costs and Attorney Fees pursuant; and
4. Other relief that the Court deems just and equitable.

The Plaintiff claims a jury trial.

        The Plaintiff,
        John Bianchi,
        by his attorney:

        Bruce Matzkin (ct 22980)
        Law Office of Bruce Matzkin, LLC
        1052 Main Street, suite 14
        Branford, CT 06405
        (203) 488-0567
        Fax: (203) 488-8079